

# Fourth Court of Appeals
## San Antonio, Texas

April 23, 2015

## JUDGMENT

No. 04-15-00063-CV

### IN RE Debra **GIFFORD**[1]

BEFORE CHIEF JUSTICE MARION, JUSTICE CHAPA, AND JUSTICE PULLIAM

This is an accelerated appeal from an order terminating appellant's parental rights. Appellant timely filed the notice of appeal on February 5, 2015. Accordingly, the record was due Tuesday, February 17, 2015. *See* TEX. R. APP. P. 26.1(b), 35.1(b). Appellant filed a written request for a reporter's record on February 5, informing the reporter that the record was due within ten days. On February 6, 2015, this court also notified the court reporter, Debra Gifford, of the filing of the notice of appeal and of the date the record was due. The reporter's record was not filed.

On February 19, 2015, the clerk of this court sent Gifford a letter notifying her that the record was past due. *See* TEX. R. APP. P. 37.3(a)(1). The letter required a notification of late record be filed by February 24, or the record be filed by March 2, 2015. Gifford did not respond to our letter and did not file the record. Therefore, on March 9, we ordered Gifford to file the record by March 12, 2015.

On March 9, after receiving our order and twenty days after the record was due, Gifford communicated with the court for the first time about the record in this appeal. Her notification of late record stated she needed an extension because of her busy schedule, she was having problems with her internet connection, and she would be out of town on personal business from March 11 through March 23 and working out of town on March 24 and 25. Gifford requested an extension of time until April 6, 2015, to file the record. She stated the record is approximately 150 pages long, but did not indicate whether she had begun working on it.

Appeals in suits involving termination of the parent-child relationship take precedence over all other cases. *See* TEX. FAM. CODE ANN. § 109.002(a) (West 2014). When a notice of appeal from an order terminating parental rights is filed, the reporter is to immediately commence the preparation of the reporter's record. *See* TEX. R. APP. P. 28.4(b)(1). The record is due ten days after the notice of appeal is filed, and this court may not grant the reporter extensions of more than ten days at a time or more than thirty days cumulatively. *See* TEX. R.

---

[1] Ancillary to *In the Interest of Z.R.M.*, No. 04-15-00063-CV, an appeal from the 38th Judicial District Court, Medina County, Texas, No. 13-11-22140-CV, the Honorable Cathy Morris, Judge Presiding.

APP. P. 28.4(b)(2), 35.1(b), 35.3(c). We therefore denied Gifford's requested extension of time. Our order, dated March 11, 2015, stated:

> We **order** Debra Gifford to file the reporter's record by **March 19, 2015** (thirty days after the original due date). Gifford must take whatever steps are necessary to comply with this order, including hiring competent assistance to prepare the record if required.

Our order advised Gifford that if the record were not filed by the date ordered, she could be ordered to appear and show cause why she should not be held in contempt. Our order was sent to Gifford by e-mail and by First Class United States mail. The record was not filed by the date ordered. Instead, on March 26, 2015, Gifford filed another notification of late record, again requesting an extension of time until April 6, 2015, to file the record. This court denied the request and ordered Gifford to file the record immediately.

On March 27, 2015, the court issued an order requiring Debra Gifford to appear in the courtroom at the Fourth Court of Appeals, 300 Dolorosa, Suite 3200, San Antonio, Texas, on April 23, 2015, at 2:00 p.m., before a panel consisting of Chief Justice Marion, Justice Chapa, and Justice Pulliam to show cause why she should not be held in contempt for violating this court's March 11, 2015 order by failing to file the reporter's record by March 19, 2015. The show cause order was sent to Gifford by e-mail on March 27. A precept was issued and delivered to the Kendall County Sheriff's Office with a copy of the show cause order for personal service on Gifford. The return of service filed in this court on April 7, 2015, recites that Kendall County Sheriff's Deputy Doberstine served the precept and the show cause order by personally delivering them to Debra Gifford on April 7, 2015.

Gifford completed and filed the record in this appeal on April 20, 2015.

Debra Gifford appeared personally and through counsel, Javier Guerra, at 2:00 p.m. on April 23, 2015, to show cause why she should not be held in contempt. The proceedings were recorded by a certified court reporter. Gifford was admonished of her rights, and the court proceeded to hear evidence. After hearing the evidence and argument of counsel, the court finds as follows:

(1) Gifford is the reporter responsible for filing the reporter's record in this accelerated appeal of an order terminating parental rights;

(2) the court's March 11, 2015 order was clear, specific, and unambiguous;

(3) Gifford had knowledge of the court's March 11, 2015 order; and

(4) Gifford failed to comply with the order.

Nevertheless, we conclude Debra Gifford should not be held in contempt. However, IT IS ORDERED that Debra Gifford shall notify the Clerk of this Court of her current e-mail address and shall notify the Clerk of any changes in her e-mail address within five days of any such change.

IT IS FURTHER ORDERED that Debra Gifford shall pay all costs of this proceeding to the Clerk of the Court of Appeals, Fourth Court of Appeals District of Texas no later than May 7, 2015.

IT IS FURTHER ORDERED that the Clerk of this court send a copy of this judgment to the Honorable Cathy Morris, Presiding Judge of the 38th Judicial District Court of Medina County, Texas, and to each of the parties in this appeal.

IT IS FURTHER ORDERED that all writs and other process necessary for the enforcement of this judgment be issued.

SIGNED April 23, 2015.

_____
Sandee Bryan Marion, Chief Justice

_____
Luz Elena D. Chapa, Justice

_____
Jason Pulliam, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 23rd day of April, 2015.

_____
Keith E. Hottle
Clerk of Court